IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 4:25cr11-5 |
| ) | |
| JOSE GONZALEZ NUNEZ, ) | |
| Defendant. ) | |

**POSITION REGARDING DETERMINATION OF JURISDICTION**

COMES NOW the defendant JOSE GONZALEZ NUNEZ, by his attorneys Fernando Groene and Jason Lee Jones, and respectfully submits his position regarding the Government's Motion for Pretrial Determination of Jurisdiction (ECF No. 126).

As the Court is aware, Mr. Gonzalez Nunez stands accused in Counts One and Two of violating the Maritime Drug Law Act ("MDLEA"). Specifically, he is charged of Conspiracy to Possess with Intent to Distribute Cocaine on Board of a Vessel Subject to the Jurisdiction of the United States ("USA") and Possession with Intent to Distribute Cocaine on Board of a Vessel Subject to the Jurisdiction of the USA, in violation of Title 46 U.S.C. §§ 70506(b) and 70503(a)(1), respectively. The government has asked the Court to determine that it has jurisdiction to properly adjudicate this matter under the MDLEA. In support of its motion, the government advances certain facts upon which it relies (ECF No. 126 at 2-3). In making this request, the government relies, *sub silentio*, on the statutory provision in 46 U.S.C. § 70504 that jurisdiction is not an element of the charged offenses. Nonetheless, under the MDLEA, the government must prove to the Court by preponderance of the evidence that the GFV in question is a "covered vessel."[1] To accomplish this, the government generally relies on the facts surrounding the capture of the GFV,

---

[1] Counsel recognizes that this Court has previously held that the MDLEA is constitutional and so is its delegation of jurisdictional inquiry to the trial judge. *See, United States v. McLeal*, 726 F.Supp.3d 519 (E.D. Va. 2023).

1

that is, Government Exhibit 1 (ECF No. 126-1), a certification from Eric C. Pare, the Commander of the Coast Guard, Maritime Law Enforcement Officer and Liaison Officer, Bureau of International Narcotics and law Enforcement Affairs, Department of State of the USA ("Pare Certification"), attesting to facts which, under the MDLEA (46 U.S.A. § 70502(c)(2), proves consent of the DR to this enforcement action.

Defendant's Position

Mr. Gonzalez Nunez does not dispute the factual background set forth by the government. In essence, he does not dispute that: 1) on February 17, 2025, the go fast vessel ("GFV") was located 45 nautical miles north of Cabron, Dominican Republic ("DR"); 2) that he was aboard the GFV; 3) there was no indicia of nationality on the vessel; 4) when asked about nationality, all five (5) crewmembers claimed the vessel was from the DR; 5) the Government from the DR denied registry of the GFV; 6) there were approximately 16 bales containing approximately 580 kilograms of cocaine, a Schedule II narcotic controlled substance, aboard the GFV; and 7) he was brought to the United States, specifically to the Eastern District of Virginia, for prosecution.

In Pare's certification, he states that the GFV was found at some specific coordinates and that it was "seaward of any State's territorial sea." That means in the "high seas." Mr. Gonzalez Nunez does not dispute the factual location of the GFV but disputes that this location (about 45 nautical miles off the DR's coast) constitutes international waters. Mr. Gonzalez Nunez argues that 45 nautical miles falls within the exclusive economic zone of 200 nautical miles ("EEZ") of the DR and, therefore, it is within its territorial waters. Alternatively, Mr. Gonzalez Nunez states that the DR has raised maritime claims of its maritime boundaries and its archipelagic baseline claims, which under its law DR Act 66-07 of May 22, 2007, establishes a 12 nautical mile territorial

2

sea, 24 nautical mile continuous zone and a 200 nautical mile EEZ, as well as coordinate of archipelagic baselines.

Mr. Gonzalez Nunez has requested that these claims be raised on his behalf. Counsel has discussed with him the state of the law about the independent merits of these claims. Regarding the EEZ area, counsel is aware of 3 cases which unsuccessfully raised claims like those by Mr. Gonzalez Nunez. These cases are: *United States v. Alonso*, 104 F. 4th 815 (11th Cir. 2024) (holding that a covered vessel 69 nautical miles of the coast of DR was seaward of territorial sea and in the "high seas" and that the EEZ past the established territorial waters is the "high seas.") The Eleventh Circuit cites the Fourth Circuit case of *United States v. Beyle*, 782 F.3d 159, 166 (4th Cir. 2015) (holding that the 30 to 40 nautical miles from the Somali coast, within its EEZ is considered the "high seas" reasoning that the term "high seas encompasses all waters outside the territorial sea, including the EEZ." *Id.* at 166.) Lastly, the First Circuit in *United States v. Aybar-Ulloa*, 987 F.3d 1, 3 n.1 (1st Cir. 2021) (holding that "high seas' means waters "beyond a nation's territorial waters" under current international law.)

Likewise, the DR's Archipelagic, Straight Baselines and Historic claims are not recognized by the United States, the United Kingdom and Japan. Specifically, the US Department of State, Bureau of Oceans and International Environmental and Scientific Affairs has concluded in its January 31, 2014 Limits of the Seas No 130 Dominican Republic, Archipelagic and Other Maritime Claims and Boundaries that the assertions of sovereignty over these waters are improper as, *inter alia*, the DR is a signatory to the United Nations Convention on the Law of the Sea ("UNCLOS") which entered into force on November 10, 1994. Moreover, counsel has not been able to locate a case which recognizes the archipelagic claim extending the internationally accepted 12 nautical mile limit of the territorial waters of the Dominica Republic.

                                        Respectfully submitted,

                                        JOSE GONZALEZ NUNEZ
                                        Defendant

By:          _____/s/_____
               Fernando Groene
               FERNANDO GROENE, P.C.
               Virginia State Bar No. 24028
               364 McLaws Circle, Suite 1A
               Williamsburg, Virginia 23185
               Telephone: (757) 603.6173
               Fax:    (1757) 828.5528
               Email: fgroene@groenelaw.com


## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of January 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record.

                                        _____/s/ _____
                                        Fernando Groene
                                        FERNANDO GROENE, P.C.
                                        Virginia State Bar No. 24028
                                        364 McLaws Circle, Suite 1A
                                        Williamsburg, Virginia 23185
                                        Telephone: (757) 603.6173
                                        Fax: (1757) 828.5528
                                        Email: fgroene@groenelaw.com