IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:25CR11 |
| | ) | |
| JOSE GONZALEZ NUNEZ | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

Comes now the United States and offers to the court that had the above-styled matter proceeded to trial the United States would have proven the following facts beyond a reasonable doubt.

1.      Since November 2018, members of the DEA Hampton Post of Duty, in partnership with DEA Bogota, Homeland Security Investigations Norfolk and Coast Guard Investigative Services, have been investigating maritime smuggling operations based on the Pacific coast of Colombia. Drug trafficking organizations will utilize vessels such as Go-Fast Vessels, (hereafter referred to as GFV), to transport multi-hundred-kilogram shipments of narcotics from the west coast of Colombia to awaiting transfer vessels or destinations throughout Central America or Mexico with the final destination being the United States for distribution.

2.      On February 17, 2025, while on routine patrol in international waters, the United States Coast Guard Cutter VALIANT utilizing a maritime patrol aircraft located a GFV occupied by five individuals approximately 45 nautical miles north of Cabron, Dominican Republic. U.S. Coast Guard personnel observed several packages as well as fuel barrels on the deck of the GFV which is consistent with narcotics smuggling. U.S. Coast Guard personnel

subsequently launched an over the horizon small boat with a boarding team. When the U.S. Coast Guard small boat boarding team attempted to make contact with the GFV, the GFV sped away and the GFV crew members began to jettison packages into the ocean. Upon obtaining positive control of the GFV, U.S. Coast Guard personnel identified the five crew members as Ramon Antonio MERCEDES, Dani SEVERINO, Edward Alesander DURAN, Julio Ludi ABRERA and Abel Antonio CRUZADO.

3.  There were no indicia of nationality observed on the vessel and when asked about the nationality of the vessel, all crew members claimed that the vessel was from the Dominican Republic. The government of the Dominican Republic could neither confirm nor deny nationality of the vessel. U.S. Coast Guard personnel recovered from the ocean around the GFV sixteen bales containing approximately 580 kilograms of cocaine, a Schedule II narcotic controlled substance. All five mariners found aboard the GFV were detained and transferred to the Eastern District of Virginia for prosecution.

Respectfully submitted,

LINDSEY HALLIGAN
UNITED STATES ATTORNEY AND
SPECIAL ATTORNEY

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

ROBERT K. MCBRIDE
FIRST ASSISTANT UNITED STATES ATTORNEY

Eric M. Hurt
Assistant United States Attorney

2

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JOSE GONZALEZ NUNEZ and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JOSE GONZALEZ NUNEZ

I am JOSE GONZALEZ NUNEZ's attorney, and I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, the decision to stipulate to these facts is an informed and voluntary one.

_____
Fernando Groene
Attorney for JOSE GONZALEZ NUNEZ

3